**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

JOHN R. KELLY,

                                   Petitioner,

          v.                                               No. 04-CV-218
                                                         (LEK/DRH)

WILLIAM LAPE, Superintendent, Marcy
Correctional Facility,

                                   Respondent.
-----------------------------------------------------------------

**APPEARANCES:**                      **OF COUNSEL:**

JOHN R. KELLY
Petitioner Pro Se
No. 02-B-0656
Marcy Correctional Facility
Box 3600
Marcy, New York 13403

HON. ANDREW M. CUOMO         PATRICK F. MacRAE, ESQ.
Attorney General for the State      Assistant Attorney General
  of New York
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

     Petitioner pro se John R. Kelly ("Kelly") is currently an inmate in the custody of the New

York State Department of Correctional Services ("DOCS") at Marcy Correctional Facility.  Kelly

was found guilty on February 27, 2002 of assault, obstructing governmental administration,

resisting arrest, criminal sale of a controlled substance, and criminal possession of a controlled

---

    [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

substance after a jury trial in Onondaga County and is presently serving an indeterminate term of four and one-half to nine years imprisonment.  Kelly now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that he was denied (1) the effective assistance of counsel, (2) a speedy trial, (3) a fair trial, (4) his right to testify before the grand jury, (5) his leave to appeal, and (6) his Miranda rights.   For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On May 1, 2001, Officer Rebecca Cosgrove was assigned to work undercover, posing as a prostitute in the City of Syracuse. T. 72-73.[2]  That evening, Kelly pulled up to Cosgrove in a red conversion van and stated that he was looking for a woman named "Jennifer" to whom he usually sold.  T. 75-77.  Cosgrove asked Kelly what he was selling and Kelly produced a large bag containing small bags of a chunky substance that was later identified as cocaine.  T. 77-78, 220-23.  Kelly indicated that the price was $20 and Cosgrove purchased one baggie. T. 78. Shortly thereafter, Cosgrove radioed her fellow officers with a description of Kelly's van and the license plate number in an attempt to arrest Kelly. T. 79.

Officer Daniel Babbage, driving a marked police car, was told to stop Kelly's van.  T. 142.  Babbage turned on his emergency lights and siren, but Kelly refused to stop and a chase ensued.  T. 142-43.  Another officer assisted Babbage in stopping Kelly's van by parking his marked vehicle in front of the van.  T. 145.  However, when Babbage attempted to extract Kelly from the vehicle, Kelly stepped on the accelerator and crashed into the marked police vehicle

---

[2] "T." followed by a number refers to the pages of the trial transcript included with respondent's answer.  Docket No. 31, Exs. N & O.

blocking his escape.  T. 147-48.  Officer Babbage was thrown to the ground and suffered a

knee injury.  T. 151-53.

Kelly was arrested, indicted, convicted, and sentenced as indicated above.  T. 456-58;

ST. 13-15.[3]  On October 2, 2003, the Appellate Division unanimously affirmed the conviction

and sentence.  People v. Kelly, 765 N.Y.S.2d 115, 118 (4th Dep't 2003); see also People v.

Kelly, 764 N.Y.S.2d 894 (4th Dep't 2003).  Application for leave to appeal to the New York Court

of Appeals was denied on December 3, 2003.  People v. Kelly, 807 N.E.2d 904 (N.Y. 2003).

Kelly also filed a motion to vacate his sentence, which was denied on May 13, 2004.  See

Docket No. 31, Ex. DD.  This action followed.


## II. Discussion

### A. Ineffective Assistance of Counsel

Kelly contends that his trial counsel erred when he failed to make any demands in his

pre-trial motions regarding Kelly's assault charge.  See Docket No. 23 at 5.

A defendant arguing ineffective assistance of counsel must show that counsel was

not functioning as the counsel guaranteed by the Sixth Amendment.  Counsel's

performance must have been deficient and that deficient performance must have prejudiced

the defense.  Once this is shown, it cannot be said that the result of the proceeding is

reliable. United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v.

Washington, 466 U.S. 668, 687 (1984)).  A defendant must demonstrate that counsel's

errors were so serious that the defendant was deprived of a fair trial and that there was a

---

[3] "ST." followed by a number refers to the pages of the transcript of Kelly's
sentencing included with respondent's answer.  Docket No. 31, Ex. P.

reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. Strickland, 466 U.S. at 686.

The proper measure of attorney performance is an objective standard of reasonableness in the totality of the circumstances under prevailing professional norms. Id. at 688; Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000). Strategic choices made after investigation of the relevant law and facts are normally not subject to challenge and the reviewing court must be "highly deferential" to counsel's performance. Strickland, 466 U.S. at 688. Additionally, state court findings on such matters are conclusive on the court reviewing the habeas petition if supported in the record. 28 U.S.C. § 2254(d); Summer v. Mata, 455 U.S. 591, 592 (1982).

Here, a review of the record indicates that Kelly's trial counsel properly represented him in all respects.[4] Counsel made the proper objections, filed the proper motions, and vigorously cross-examined the prosecution's witnesses. Further, Kelly fails to demonstrate that he was prejudiced by any of the alleged ineffective assistance or that the result of the trial could not be relied upon. Moreover, the Appellate Division rejected Kelly's contention that he received ineffective assistance of counsel. Kelly, 765 N.Y.S.2d at 116.

Therefore, the petition on this ground should be denied.

### B. Speedy Trial

Kelly contends that he was denied his right to a speedy trial.

---

[4]Kelly's trial counsel was the second attorney to represent Kelly in this matter. The first was replaced before trial after Kelly filed a complaint against him with the grievance committee. Docket No. 31, Ex. D at 2-8.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed. . . ."  U.S. Const. Amend. VI.  The clearly established federal law regarding the Sixth Amendment right to a speedy trial is set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972).  Under Barker, a court must utilize a balancing approach to determine whether a defendant has been denied a speedy trial.  Id.  The factors the court must consider are the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."  Id.  Only if the length of the delay is unreasonable is consideration of the Barker factors triggered.

Here, the length of the delay from Kelly's arrest on May 1, 2001 until he was found guilty on February 27, 2002 was less than ten months.  The length of the delay here is considerably shorter than those in other cases where no Sixth Amendment speedy trial violation has been found.  See, e.g., Barker, 407 U.S. 514  (five years); United States v. Vasquez, 918 F.2d 329, 338 (2d Cir. 1990) (twenty-six months); Rayborn v. Scully, 858 F.2d 84, 93-94 (2d Cir. 1988) (eighty-six months); Flowers v. Warden, Conn. Corr. Inst., 853 F.2d 131, 133-34 (2d Cir. 1988) (seventeen months).  Further, there is no evidence that the prosecution deliberately delayed trial in order to gain an unfair advantage, nor does Kelly allege any prejudice or make any showing that his defense was impaired by any delay.  Moreover, the Appellate Division found that "there was no violation of [Kelly's] statutory or constitutional speedy trial rights."  Kelly, 765 N.Y.S.2d at 117.

Therefore, the petition on this ground should be denied.

**C. Fair Trial**

Kelly contends that he was denied a fair trial because of comments made by the prosecutor during his summation.[5]

The Due Process Clause of the Fourteenth Amendment guarantees defendants the right to a fair trial.  U.S. Const. Amend. XIV, §1.  Prosecutorial misconduct violates this due process right when the misconduct alleged is so severe and is of sufficient significance to infect the trial resulting in the denial of the defendant's right to a fair trial.  Greer v. Miller, 483 U.S. 756, 765 (1987); Blissett v. Lefevre, 924 F.2d 434, 440 (2d Cir. 1991).  In evaluating a claim of prosecutorial misconduct, the alleged misconduct must be placed into context and the court should consider the severity of the alleged misconduct, the curative measures taken, and the likelihood of conviction absent any misconduct.  Blissett, 924 F.2d at 440.  The court should then determine if the petitioner has shown actual prejudice in light of the totality of the circumstances surrounding the trial court conviction.  Samuels v. Mann, 13 F.3d 522, 526-27 (2d Cir. 1993).

Here, a review of the prosecutor's comments during his summation demonstrates that there was no conduct that was so severe as to deprive Kelly of a fair trial.  In addition, absent the alleged misconduct, it is likely that Kelly would nevertheless have been convicted based on the evidence presented at trial.  Further, the Appellate Division considered and rejected Kelly's argument that the prosecutor's comments during summation were improper, concluding that "[t]he prosecutor's comments were either fair

---

[5] Kelly also contends that the trial judge told the jury that Kelly "had lots of drugs in his possession."  Docket No. 23 at 5.  However, Kelly fails to support his contention with a citation to the record and a review of the trial transcript does not support his claim.  Thus, Kelly's contention is without merit.

comment on the evidence or fair response to defense counsel's summation." Kelly, 765 N.Y.S.2d at 116-17.

Therefore, the petition on this ground should be denied.

### D. Grand Jury Proceedings

Kelly contends that he was denied his right to testify before the grand jury. Respondent contends that any defects in grand jury proceedings are not cognizable on habeas review.

Once a defendant has been convicted by a jury, any errors alleged in the grand jury proceedings are rendered harmless beyond a reasonable doubt. Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989).   Moreover, the Fifth Amendment right to indictment is not incorporated by the Due Process Clause of the Fourteenth Amendment and thus does not apply to the states. Fields v. Soloff, 920 F.2d 1114, 1118 (2d Cir. 1990).  Deficiencies in grand jury proceedings, including the right to testify before the grand jury, are not cognizable in federal habeas corpus proceedings.  See Lopez, 865 F.2d at 32; see also Green v. Artuz, 990 F. Supp. 267, 273 n.8 (S.D.N.Y. 1998) ("the right to testify before a grand jury is purely a state statutory right . . . and does not rise to a Constitutional level"). Thus, Kelly's contention that he was denied his constitutional right to testify before the grand jury is without merit.

Therefore, the petition on this ground should be denied.

**E. Miranda[6] Warnings**

Kelly contends that the police failed to give him Miranda warnings after his arrest and that the statements he gave were coerced by the use of force.

In order for a habeas petitioner to be granted relief, it is necessary to show that a claim adjudicated on the merits by a state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Aparicio v. Artuz, 269 F.3d 78, 93 (2d Cir. 2001). Here, the Appellate Division found that Kelly

> made the statements at issue during the course of a drug transaction to an undercover officer who was posing as a prostitute and wearing a wire . . . [and that] [t]he [trial] court properly concluded that, under those circumstances, Miranda warnings were not required because the statements were not made in response to custodial interrogation.

Kelly, 765 N.Y.S.2d at 117. Further, the Court stated that "there was no evidence . . . that the statements were procured by the use of threats or force by the police or were otherwise involuntary." Id. Moreover, Kelly fails to allege, and there is no evidence from the record, that the Appellate Division's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Thus, Kelly's claim is without merit.

Therefore, the petition on this ground should be denied.

---

[6] See Miranda v. Arizona, 384 U.S. 436 (1966).

### III. Conclusion[7]

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated:  January 3, 2007
        Albany, New York

David R. Homer

United States Magistrate Judge

---

[7] In his petition, Kelly appears to contend that he was denied a right to appeal to the New York Court of Appeals.  See Docket No. 23 at 6.  However, the record is clear that Kelly successfully filed a request for leave to appeal with the Court of Appeals, although it was ultimately denied.  See People v. Kelly, 807 N.E.2d 904 (N.Y. 2003).  Thus, Kelly's claim is without merit.